Case No. 2015-1536

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

GEA PROCESS ENGINEERING, INC.,
*Appellant,*
v.

STEUBEN FOODS, INC.,
*Appellee.*

2015-1536, -1537, -1538, -1539, -1540

APPEALS FROM THE
UNITED STATES PATENT AND TRADEMARK OFFICE
PATENT TRIAL AND APPEAL BOARD IN
CASE NOS. IPR2014-00041, IPR2014-00051, IPR2014-00043,
IPR2014-00055, AND IPR2014-00054

STEUBEN FOODS, INC.'S MOTION TO DISMISS THE FEDERAL
CIRCUIT APPEAL FOR LACK OF JURIDICTION

Greg H. Gardella
**Oblon, McClelland, Maier &
Neustadt, LLP**
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
*Attorney for Appellee*
STEUBEN FOODS, INC.

## I.    INTRODUCTION

The Federal Circuit lacks appellate jurisdiction over GEA Process Engineering, Inc.'s ("GEA's") attempt to challenge the PTAB's termination order vacating its decision on institution. 35 U.S.C. § 319 permits an appeal of a final written decision issued under 35 U.S.C. § 318(a) pursuant to 35 U.S.C. § 141. 35 U.S.C. § 141(c) makes clear that any appeal of a decision of the Patent Trial and Appeal Board (the "PTAB" or "Board") is limited to a final written decision with respect to patentability. The termination order is not a final written decision with respect to patentability and therefore appeal of the order is not authorized by statute. Instead, the termination order vacated the institution decision and thus is a decision regarding institution. As this Court explained in *In re Cuozzo Speed Techs., LLC*, 778 F.3d 1271, 1276 (Fed. Cir. 2015), section 314(d) precludes appeal of decisions on institution. Indeed, GEA admitted as much in connection with its petition seeking a writ of mandamus reviewing the termination order, wherein GEA certified that it had no other means to obtain review of the termination order. Because the termination order cannot be reviewed on appeal under the governing statutes, this Court lacks jurisdiction to hear the appeal and the notice of appeal should be dismissed.

## II.    PROCEDURAL HISTORY

On December 23, 2014, the PTAB terminated GEA's *inter partes* review ("IPR") proceedings.  *GEA Process Engineering, Inc. v. Steuben Foods, Inc*., IPR2014-00041, Paper No. 135 at 27 (PTAB December 23, 2014) (Case No. 2015-1536, Docket No. 1-2).  The PTAB also vacated the institution decision. *Id*.  In the termination order, the PTAB found that GEA's sister company, GEA Procomac S.p.A., "was an RPI [real party-in- interest] of the instant proceedings that was not identified in the Petitions" and that because GEA did not identify GEA Procomac as an RPI "it has not met the statutory requirement of [35 U.S.C.] §312(a)(2), and [the PTAB] cannot consider the petitions." *Id*. at 21, 23.  GEA filed this appeal from the termination order on February 24, 2015.  In addition to this appeal, GEA also petitioned the Federal Circuit on February 19, 2015 for a writ of mandamus vacating the termination of its IPR proceedings in which it certified that no other means were available for review of the termination order.  *See* Case No. 2015-125, Docket No. 2 (GEA Mandamus Brief).

## III.    GOVERNING STATUTES AND LEGAL PRINCIPLES

Title 35 sets forth the legal framework for IPR, authorizes appeals from a subset of Patent Office decisions, and forbids appeals from others.  35 U.S.C. §§ 141, 314, 318, and 319.

Title 35 authorizes appeals of only one type of PTAB decision regarding

IPR – final written decisions with respect to patentability.  Specifically, section

319 provides:

> § 319. Appeal
>
> ***A party dissatisfied with the final written decision of the Patent Trial and Appeal Board under section 318(a) may appeal the decision*** pursuant to sections 141 through 144. Any party to the inter partes review shall have the right to be a party to the appeal.

35 U.S.C. § 319 (emphasis added).  A "final written decision . . . under section

318(a)" is one issued with respect to patentability issues.

> § 318. Decision of the Board
>
> (a) Final Written Decision. – If an inter partes review is instituted and not dismissed under this chapter, the Patent Trial and Appeal Board shall issue a final written decision **with respect to the patentability** of any patent claim challenged by the petitioner and any new claim added under section 316(d)

35 U.S.C. § 318(a) (emphasis added).

Section 141 provides that only final written decisions under §318(a) – those

concerning patentability issues – can be appealed to this Court:

> § 141. Appeal to Court of Appeals for the Federal Circuit
>
> (c) POST-GRANT AND INTER PARTES REVIEWS.—
> ***A party to an inter partes review*** or a post-grant review ***who is dissatisfied with the final written decision of the Patent Trial and Appeal Board under section 318(a) or 328(a) (as the case may be) may appeal the Board's decision only to the United States Court of Appeals for***

- 3 -

***the Federal Circuit.***

35 U.S.C. § 141(c) (emphasis added).

Accordingly, section 319 limits appeals to those arising from final written decisions addressing patentability. No provision of title 35 authorizes an appeal of any other PTAB decision related to IPR. *See St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.,* 749 F.3d 1373, 1376 (Fed.Cir.2014) ("The statute provides for an appeal to this court only of the Board's decision at the second step, not the Director's decision at the first step.").

Section 314(d) is consistent with the foregoing in that it expressly limits a party's ability to appeal a decision regarding institution. Specifically, section 314(d) provides:

§ 314. Institution of inter partes review

(d) NO APPEAL.—***The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable.***

35 U.S.C. § 314(d) (emphasis added). The Director has delegated the duties under this section to the Patent Trial and Appeal Board. *See, e.g.*, 37 C.F.R. § 42.108.

## IV.  ARGUMENT

### A.  The Federal Circuit Only Has Jurisdiction to Hear Appeals from Final Written Decisions on Patentability

The Federal Circuit is a court of limited jurisdiction that can hear appeals only where Congress has expressly granted it jurisdiction.  *See Copelands' Enterprises, Inc. v. CNV, Inc.*, 887 F.2d 1065, 1067 (Fed. Cir. 1989) (*en banc*) ("This court was both created and vested with jurisdiction by the Federal Courts Improvement Act of 1982."); *Christianson v. Colt Indus.*, 486 U.S. 800, 818 (1988) ("Courts created by statute can have no jurisdiction but such as the statute confers.").  While 28 U.S.C. § 1295(a)(4)(A) gives this Court jurisdiction over appeals of decisions rendered in connection with *inter partes* review proceedings under title 35, it does not authorize this Court to hear appeals from any decision other than a final written decision addressing patentability.  *St. Jude Med.*, 749 F.3d at 1376.

GEA's appeal is not directed to a final written decision on patentability and therefore is not authorized by 35 U.S.C. §§ 141 and 319.  GEA instead wants to challenge the PTAB's termination order.  No provision in title 35 authorizes such an appeal.  Consequently, this Court lacks jurisdiction to hear the appeal, and the notice of appeal should be dismissed.

**B.    Appeal of the Termination Order Is Expressly Precluded by 35 U.S.C. § 314 as a Decision Regarding Institution**

GEA's appeal is jurisdictionally defective for another reason.  The Board's decision vacated the institution decision thereby giving the termination order the effect of a non-institution decision.  *See GEA Process Engineering*, IPR2014-00041, Paper No. 135 at 27 (PTAB December 23, 2014) (Case No. 2015-1536, Docket No. 1-2).  Appeals from institution decisions are expressly prohibited. Section 314(d) states that "the determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."  In other words, whenever the PTAB denies or vacates an IPR proceeding, its decision is "final and nonappealable," and this Court lacks the ability to review that decision because Congress has specifically forbidden it.  *Christianson*, 486 U.S. at 818.

In GEA's writ of mandamus, GEA states that "[r]ecent precedent has left GEA *without any means* to attain relief …," and "[t]he Federal Circuit has rejected all appeals from inter partes review proceedings that do not end in a 'final written decision.'"  GEA Mandamus Br. at 5 (emphasis added) (*citing St. Jude Med.*, 749 F.3d at 1375-76; *Cuozzo*, 778 F.3d at 1278).  GEA further states that "[t]he PTAB's termination order is not a final written decision, and it is styled as a decision *vacating and denying institution of GEA's IPRs*," and GEA "cannot appeal a decision to institute or deny inter partes review."  *Id*.

(emphasis added). Therefore, even GEA admits that the PTAB's decision terminating GEA's IPR proceeding and vacating the Decision on Institution has the same legal effect as a denial to institute an IPR and that its attempted appeal is expressly precluded by 35 U.S.C. § 314. *See, e.g., Action on Smoking & Health v. Civil Aeronautics Board*, 713 F.2d 795, 797 (D.C. Cir. 1983) ("To 'vacate,' as the parties should well know, means 'to annul; to cancel or rescind; to declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or validity; to set aside.'") (citation omitted).

This result is consistent with one of the goals of the America Invents Act, namely, "to make additional efforts to limit federal court litigation." *Versata Dev. Corp. v. Rea*, 959 F. Supp. 2d 912, 916 (E.D. Va. 2013). Allowing appeals of PTAB decisions whether to grant, deny, or vacate institution of an IPR would defeat that objective and be counter to the express language of § 314(d) and § 319.

## V.    CONCLUSION

For the reasons explained above, Steuben Foods requests the Federal Circuit dismiss this appeal for lack of jurisdiction.  Steuben Foods has conferred with counsel for GEA, who have indicated that they will oppose this motion and file a response.

Respectfully submitted,

Dated: April 28, 2015          By:    <u>/s/ Greg H. Gardella</u>
Greg H. Gardella

*Attorney for Appellee*
STEUBEN FOODS, INC.

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Appellee Steuben Foods, Inc. certifies the following:

1.      The full name of every party represented by me is:

Steuben Foods, Inc.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A.

3.      All parent corporations and any publicly held companies that own more than 10 percent or more of the stock of the party represented by me are:

None.

4.   The name of all law firms and the partners or associates that appeared for the party now represented by me at the United States Patent and Trademark Office, Patent Trial and Appeal Board, or are expected to appear in this Court are:

Greg H. Gardella, Kevin B. Laurence, Michael L. Kiklis, Ruby J. Natnithithadha, all of Oblon, McClelland, Maier & Neustadt, LLP.

Respectfully submitted,

Dated: April 28, 2015          By: /s/ Greg H. Gardella
                                    Greg H. Gardella

*Attorney for Appellee*
STEUBEN FOODS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 28, 2015, this **STEUBEN FOODS, INC.'S MOTION TO DISMISS THE FEDERAL CIRCUIT APPEAL FOR LACK OF JURIDICTION** was served by U.S. express mail and also via the CM/ECF system upon the following:

> William P. Atkins
>
> Benjamin L. Kiersz
>
> PILLSBURY WINTHROP SHAW PITTMAN LLP
>
> 1650 Tysons Boulevard
>
> McLean, Virginia 22102
>
> Tel: (703) 770-7900
>
> william.atkins@pillsburylaw.com
>
> benjamin.kiersz@pillsburylaw.com

> <u>/s/ Greg H. Gardella</u>
> Greg H. Gardella